IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SYDNEY BANKSTON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 22-CV-3279 |
| | : | |
| SELF FINANCIAL INC/LEA, | : | |
| Defendant. | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                 **August 23, 2022**

Plaintiff Sydney Bankston initiated this civil action by filing a *pro se* Complaint against

"Self Financial Inc/LEA" ("Self Financial").  Bankston's Complaint raises claims under the Fair

Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA").  She also seeks leave to proceed *in*

*forma pauperis*.  For the following reasons, the Court will grant Bankston leave to proceed *in*

*forma pauperis* and dismiss the Complaint without prejudice for failure to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  Bankston will be given an opportunity to cure the deficiencies

identified by the Court by filing an amended complaint.

## I.      FACTUAL BACKGROUND[1]

Bankston alleges that Self Financial "has been reporting negative, inaccurate

information" to Experian and Equifax "after disputing twice that the information is inaccurate."

(Doc. No. 2 at 3.)  Specifically, Bankston contends that she "noticed inaccurate information that

was being reported to Experian and Equifax" and "disputed the inaccurate information on

5/16/2022 which came back verified."  (*Id.*)  She "again disputed the negative inaccurate

---

[1] The facts set forth in this Memorandum are taken from the Complaint and documents attached
thereto.

information on 6/5/2022 via the CFPB."[2]  (*Id.*)  She "attached a cease and desist letter and also asked Self [Financial] how the information was verified," and "also stated that [she] was never given an option to opt [out] of credit reporting for this account."  (*Id.*)  According to Bankston, Self Financial "sent a final response via the CFPB and did not state how the investigation was completed[,] stated it was not required to get consent prior to reporting an account to the credit agencies and they were not able to remove the inaccurate information and to contact the credit agencies."  (*Id.*)

Bankston attached to her Complaint an excerpt of a credit report that lists an account from "SEFLINC/LEAD" with an account status listed as "DEROGATORY."  (*Id.* at 6.)  She also attached an unsigned document dated August 11, 2022, that memorializes and summarizes a telephone call placed to Self Financial regarding the status and payment history of the account.  (*See id.* at 7.)  Also attached are what appear to be screenshots of correspondence dated February 15, 2020, May 13, 2020, June 19, 2020, February 14, 2021, May 26, 2021, regarding payments on a credit card account with Self Financial.  (*See id.* at 8–12.)  There is no identifying information about the consumer, and it is unclear via what method the communications were made.

Bankston contends that she has suffered mental and physical harm as a result of Self Financial's actions.  (*Id.* at 4.)  She further claims that she was denied a loan due to the negative information that was reported to the consumer reporting agencies.  (*Id.*)  Bankston seeks monetary relief, as well as removal of the inaccurate information from her credit report.  (*Id.*)

---

[2] The Court understands Bankston's use of "CFPB" to refer to the Consumer Finance Protection Bureau, which provides a mechanism for individuals to submit a complaint about financial products and services to companies for response.  *See* https://www.consumerfinance.gov/complaint/ (last visited Aug. 22, 2022).

## II.   STANDARD OF REVIEW

As Bankston appears to be incapable of paying the filing fees to commence this action,

the Court will grant her leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The

Court must determine whether the Complaint contains "sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the

facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the

plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts

sufficient to state a plausible [] claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir.

2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory

allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

Because Bankston is proceeding *pro se*, the Court construes the allegations of the

Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay

Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "'pro se litigants still must allege

sufficient facts in their complaints to support a claim.'"  *Id.*  (quoting *Mala*, 704 F. 3d at 245).

An unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules

that apply to all other litigants.'"  *Id.*

## III.   DISCUSSION

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency

in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S.

47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir.

2011) (noting that the FCRA is intended "to protect consumers from the transmission of

inaccurate information about them, and to establish credit reporting practices that utilize

accurate, relevant and current information in a confidential and responsible manner" (quoting

*Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  In the language of the FCRA,

consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and

other lenders, and organize that material into individualized credit reports, which are used by

commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple*

*Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  Consequently, the FCRA places certain duties on those

who furnish information to consumer reporting agencies, such as requiring furnishers to correct

any information they later discover to be inaccurate.  *Bibbs v. Trans Union LLC*, No. 21-1350,

2022 WL 3149216, at \*3 (3d Cir. Aug. 8, 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C.

§ 1681s-2(a)(2)).

The FCRA "confers on a consumer a right to have the negative information on his or her

credit report investigated for accuracy."  *Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 211 (E.D.

Pa. 2007).  In that regard, if a consumer disputes the completeness or accuracy of information

contained in her file, the consumer reporting agency must "conduct a reasonable reinvestigation

to determine whether the disputed information is inaccurate."  15 U.S.C.A. § 1681i(a)(1)(A).  To

establish that a consumer reporting agency is liable for failing to reinvestigate a dispute under the

FCRA, the consumer must establish that the consumer reporting agency had a duty to do so, and

that it would have discovered a discrepancy had it undertaken a reasonable investigation.  *Cortez*,

617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

To state a plausible claim under the FCRA against a furnisher of credit information, as

opposed to the consumer reporting agency itself, Bankston must allege that she "filed a notice of

dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher

of information of the dispute; and the furnisher of information failed to investigate and modify

the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*,

No. 16-693, 2016 WL 3473347, at \*6 (E.D. Pa. June 24, 2016), *aff'd sub nom. Harris v.*

*Pennsylvania Higher Educ. Assistance Agency/Am. Educ. Servs.*, 696 F. App'x 87 (3d Cir. 2017)

(per curiam); *see also* 15 U.S.C. § 1681s-2(b).  If the furnisher fails to comply with its

obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v.*

*Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017).  The FCRA has several

provisions that create liability for violations of the Act.  *SimmsParris*, 652 F.3d at 358.

However, "under the FCRA, 15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a

private citizen seeking to recover damages caused by a furnisher of information." *Eades v.*

*Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) (internal quotations omitted).

Bankston has not stated a plausible claim against Self Financial under the provisions of

the FCRA pertaining to consumer reporting agencies because she has not alleged that Self

Financial is a consumer reporting agency.

And, even construing the Complaint liberally, Bankston has not pled a plausible claim

against Self Financial as a furnisher.  While Bankston alleges that she "disputed the inaccurate

information on 5/16/2022 which came back verified" it is unclear to whom she noted the dispute.

It appears from her allegations that she disputed the inaccurate information with Self Financial,

but not the consumer reporting agencies.  (*See* Doc. No. 2 at 3.)  *See also SimmsParris*, 652 F.3d

at 358 (explaining that the notice of dispute "must be given by a credit reporting agency, and

cannot come directly from the consumer"); *Harris*, 696 F. App'x at 91 ("A consumer may

certainly notify a furnisher/creditor directly about his dispute but there is no private cause of

action under § 1681s-2(b) for a furnisher's failure to properly investigate such a dispute.").

Bankston has not stated a claim against Self Financial under the FCRA because she has

not identified the allegedly incorrect information in her credit history, clearly explained why the

information was incorrect, or alleged any facts about when and how she disputed that

information with the consumer reporting agencies.  *See Pressley v. Capital One*, 415 F. Supp. 3d

509, 513 (E.D. Pa. 2019) (finding the plaintiff failed to state a FCRA claim where she "ha[d] not

(1) identified the accounts at issue, (2) described the allegedly false and misleading information

that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading

information; or (4) alleged that Capital One failed to investigate and modify the inaccurate

information").[3]  Accordingly, Bankston's Complaint fails to allege a plausible claim for relief at

this time.  *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a

formulaic recitation of the elements of a cause of action will not do.'"); *Berkery v. Verizon

Commc'ns Inc*, 658 F. App'x 172, 175 (3d Cir. 2016) (*per curiam*) (affirming dismissal of FCRA

claim against furnisher that was based on conclusory allegations).

IV.    **CONCLUSION**

For the foregoing reasons, the Court dismisses Bankston's Complaint without prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Because the Court cannot

say at this time that Bankston can never state a plausible claim based on the acts or omissions of

---

[3] The Court will not speculate as to Bankston's claims based on the attachments to her Complaint. A plaintiff may not state a claim by relying solely on exhibits.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.").  The Court notes that the body of the Complaint contains no identifying factual information regarding the account at issue.  Additionally, the documents attached to the Complaint provide inconsistent information.  That is, the credit report attached to the Complaint pertains to an account with SELFINC/LEAD that was opened on November 19, 2020 (*see* Compl. at 6), while the several of the screenshots regarding the allegedly disputed account are dated prior to November 2020 (*see id.* at 8, 9, 12).

Self Financial, the Court will grant Bankston leave to amend to "flesh out [her] allegations by . . .

explaining in an amended complaint the 'who, what, where, when and why' of [her] claim." *See*

*Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at \*4 (D.N.J. Oct. 16,

2019).  Any amended complaint should clearly describe the factual basis for any FCRA claims.

An appropriate Order follows, which provides further instruction as to amendment.